IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **v.** | |
| **OLENA RADIONOVSKY**<br>**MICHAEL RADIONOVSKY** | **NO. 25-446-03**<br>**-05** |

**MEMORANDUM**

**HODGE, J.** **October 28, 2026**

## I. INTRODUCTION[1]

Before the Court are Defendants Olena Radionovsky's and Michael Radionovsky's Motions to Sever (ECF Nos. 62, 63 (the "Motions")),[2] the Government's response in opposition thereto (ECF No. 67 (the "Response")), Defendant Olena Radionovsky's Response To Court's Order Regarding the Motion to Sever (ECF No. 69 (the "O. Radionovsky Response")), and the Government's Proposed Jury Instructions.[3] (ECF No. 75.)

For the reasons set forth below, the Court finds the proposed limiting instructions and proposed redactions provided by the Government are sufficient to address and remediate any possible undue prejudice that would result from statements that Marina Sakson and Larry Sakson ("Sakson Defendants"

---

1 The Court follows the pagination supplied by the CM/ECF docketing system.

2 The Court notes that, despite the fact all Defendants were charged together in one indictment on October 9, 2025, the severance motions before the Court were not filed until August 14, 2026, *nearly a year later*. (*See* ECF No. 1.) The Court also notes that the Motions are essentially identical. (*See generally* ECF Nos. 62, 63.)

3 The Response and the Government's Proposed Jury Instructions are filed under seal. The Government's Proposed Jury Instructions also include exhibits containing statements made by co-defendants Marina and Larry Sakson along with the Government's proposed redactions (defined *infra*).

or "Non-movants") made to law enforcement in 2022 (the "Sakson Statements")[4] being introduced at a joint trial. Thus, the Motions are denied.

## II. BACKGROUND

This is a health fraud conspiracy case with five defendants: Olena Radionovsky, Michael Radionovsky, Marina Sakson, Larry Sakson, and Favorite Home Care LLC (collectively, "Defendants"). (*See* ECF No. 1.) On October 9, 2025, a federal grand jury indicted Defendants for conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349 (Count 1); health care fraud, in violation of 18 U.S.C. § 1347 (Counts 2 through 21); and aiding and abetting under 18 U.S.C. § 2. The Indictment alleges that from at least in or about November 2020 through at least in or about February 2022, Defendants conspired to defraud Medicaid and its contractor for payments falsely representing that they had provided home care services through the scheme described *infra*. (*Id.* ¶ 19.) Defendants Larry Sakson and Olena Radionovsky each owned fifty percent (50%) of Defendant Favorite Home Care, LLC ("Favorite Home Care"), a licensed home care agency in Pennsylvania. (*Id.* ¶ 13.) Defendants Marina Sakson and Michael Radionovsky were employees of Favorite Home Care. (*Id.* ¶ 14.) Olena Radionovsky and Michael Radionovsky (the "Radionovsky Defendants") state in their respective Motions, if the trial were to proceed jointly, that the Government may introduce the Sakson Statements which could potentially incriminate and have a "directly accusatory" effect on the Radionovsky Defendants. (*See* ECF Nos. 62, 63 ¶ 11.)

## III. LEGAL STANDARD

### A. Federal Rule of Criminal Procedure 8

---

[4] The briefing, as of September 9, 2026 – the date the Government filed its Response – did not provide the Court with the factual distinction necessary to undergo a full analysis and render a decision on the Motions. Therefore, supplemental briefing on the Sakson Statements, sample jury instruction(s), and sample redaction(s) were ordered. (*See* ECF No. 68.) With supplemental briefing complete, the Motions are ripe for disposition.

Pursuant to Federal Rule of Criminal Procedure 8, two or more defendants may be charged jointly "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Accordingly, pursuant to Rule 8, "the federal system prefers 'joint trials of defendants who are indicted together [ ]' because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). The preference for joint trials is particularly strong when defendants are charged in a single conspiracy. *See United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996). Indeed, a joint trial "aid[s] the finder of fact in determining the full extent of the conspiracy and prevent[s] the tactical disadvantage to the government from disclosure of its case." *Id.* (citation modified). Furthermore, "as 'acts committed by one [co-conspirator] in furtherance of the conspiracy [would be] admissible against the other' co-conspirator in a separate trial, severance would serve little to no purpose except to waste public resources." *United States v. Done*, No. 09-601, 2011 WL 3912756, at *5 (D.N.J. Sept. 6, 2011) (quoting *United States v. Hart*, 273 F.3d 363, 370 (3d Cir. 2001), *aff'd*, 589 F. App'x 49 (3d Cir. 2015)); *see also United States v. Ward*, 793 F.2d 551, 556 (3d Cir. 1986) ("Participants in a single conspiracy should ordinarily be tried together for purposes of judicial efficiency and consistency, even if the evidence against one is more damaging than that against another.")

**B. Federal Rule of Criminal Procedure 14**

Pursuant to Federal Rule of Criminal Procedure Rule 14, the Court has "sound discretion" to sever charges, even if the defendants have been properly charged together under Rule 8. *United States v. Goode*, 2020 WL 2474429, at *3 (E.D. Pa. 2020) (quoting *Zafiro*, 506 U.S. 534 at 538–39). Although the Court retains discretion in determining whether to sever, the Court should only sever if there is a

"*serious risk* that a joint trial would compromise a *specific* trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. 534 at 539 (citing *United States v. Avila*, 610 F. Supp. 2d 391, 397 (M.D. Pa. 2009)) (emphasis added). Indeed, the Supreme Court further asserted in *Zafiro* that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." 506 U.S. 534 at 537; *see also United States v. Quintero*, 38 F.3d 1317, 1343 (3d Cir. 1994); *see also United States v. Burton*, No. CR 23-154-1, 2025 WL 1558471, at *4 (E.D. Pa. June 2, 2025) (Surrick, J.) ( "[t]he preference for joint trials is particularly strong when defendants are charged in a single conspiracy."). Prejudice is one element that the Court may consider for severance, along with judicial economy and efficiency. *Goode*, 2020 WL 2474429, at *3–5; *see also United States v. Green*, 114 F.4th 163, 173 (3d Cir. 2024) (asserting that judicial economy should not weigh as heavily in severance as it has in prior decades).

Accordingly, the relevant inquiry as to prejudice is "whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility." *United States v. Somers,* 496 F.2d 723, 730 (3d Cir.1974). The Third Circuit in *Green,* 114 F. 4th 163, enumerated three types of prejudice that can warrant severance:

> "(1) when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant;" *Zafiro*, 506 U.S. at 539; (2) when "essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial;" *id.*, and (3) when defendants assert mutually antagonistic defenses, *Voigt*, 89 F.3d at 1094. With reference to the third category, we have long held that a mutually antagonistic defense exists when "acquittal of one codefendant would necessarily call for the conviction of the other."

*Id.* at 172.

## IV. DISCUSSION

The Radionovsky Defendants argue in their Motions that severance is required under Federal Rule of Criminal Procedure 14 because they "would be prejudiced by a joint trial with the saksons" and

"would be deprived of their 6th Amendment rights if the sakson statements were admitted." (ECF Nos. 62, 63 ¶¶ 5, 9.) To further support their arguments, the Radionovsky Defendants assert the Court should apply a "narrow exception" set forth in *Bruton v. United States*, 391 U.S.123 (1968), and *Samia v. United States*, 599 U.S. 635 (2023), which asserts "a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even with a proper instruction." 599 U.S. 635 at 647 (2023) (quoting *Richardson v. Marsh*, 481 U. S. 200, 201-202 (1987)); *see also Gray v. Maryland*, 523 U. S. 185 (1998). Additionally, the Radionovsky Defendants aver "no limiting instruction would cure the prejudice" as it relates to the Sakson Statements and their "innocence will necessarily implicate the Sakson defendants for any alleged violations of the law." (*Id.* ¶ 13, 14) The Court is not persuaded.[5]

As the Court sets forth *supra* in Section III.B, the Radionovsky Defendants bear the burden of proof as to severance and must demonstrate to the Court that denying severance would lead to a "manifestly unfair trial." *Urban*, 404 F.3d at 775 (quoting *United States v. Palma–Ruedas,* 121 F.3d 841, 854 (3d Cir.1997); *see also United States v. Savage*, 85 F.4th 102, 118 (3d Cir. 2023) ("[A] defendant, properly joined with other defendants in a criminal indictment, has 'a heavy burden in gaining severance.'" (quoting *United States v. Quintero*, 38 F.3d 1317, 1343 (3d Cir. 1994))). The Radionovsky Defendants have not met the heavy burden severance requires.

First, the fact the redacted Sakson Statements may pertain only to the Radionovsky Defendants does not warrant severance. *See e.g., Savage*, 85 F.4th 102 at 118 ("We will not find prejudice 'just because all evidence adduced is not germane to all counts against each defendant,' or because certain

---

5 As a threshold matter, the Court finds Defendants are properly joined under Rule 8 because all Defendants are alleged to have played specific roles in the health fraud conspiracy charged in Count I. (*See generally* ECF No. 1); *see also* Fed. R. Crim. P. 8(b); *see also Burton*, 2025 WL 1558471, at *4. Indeed, Defendants are alleged to have participated in the conspiracy scheme, and there is sufficient interaction between all Defendants to satisfy joinder. *Id.*

defendants are 'seemingly less culpable,' or because evidence is 'more damaging to one defendant than others.'" (quoting *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991))). Second, the Court does not find any indication that the redacted Sakson Statements will lead the Radionovsky Defendants to offer a defense antagonistic to the Sakson Defendants or vice versa. Third, the evidence as to each Defendant at trial will be essentially the same due to the conspiratorial nature of the charge. *See, e.g., Hart*, 273 F.3d at 370 ("[A]cts committed by one in furtherance of the conspiracy were admissible against the other."); *see also Voigt*, 89 F.3d 1050 at 1094. Furthermore, unlike the statements at issue in *Richardson* and *Gray* the redacted Sakson Statements are not "facially incriminating confessions" nor are they "directly accusatory." *Samia*, 599 U.S. 635 at 647. To the extent the Radionovsky Defendants assert the redacted Sakson Statements are not favorable to them, severance is not warranted "merely because evidence against a co-defendant is more damaging than the evidence against the moving party." *Somers*, 496 F.2d 723 at 730.

The Government argues joinder is proper in this matter, especially given the conspiratorial nature of the alleged criminal conduct. (ECF No. 67 at 6.) The Government further asserts that the Radionovsky Defendants have not met the heavy burden of establishing that severance is warranted in this case under Rule 14. In support of its Rule 14 argument, the Government posits that a redaction of the Sakson Statements, consistent with *Samia*, 599 U.S. 635, and coupled with a "contemporaneous limiting instruction," is the appropriate remedy "that the Confrontation Clause require[s]." (ECF No. 67 at 5–7, 11.) Furthermore, the Government avers, a jury would have no issue compartmentalizing the Sakson Statements nor have any issue compartmentalizing each Defendant's role in the conspiracy if the case were to proceed jointly. (ECF No. 67 at 4–9.)

The Court shares the Government's position regarding severance. The Court avers the proposed jury instructions and proposed redactions provided in the supplemental briefing comport with the

Confrontation Clause and are sufficient to cure any undue prejudice that could result from the Sakson Statements being introduced at a joint trial. *See Samia*, 599 U.S. 635 at 645–48. Hence, with the proposed limiting instructions and proposed redactions, the Court is equipped to delineate the statements applicable to each Defendant and instruct the jury accordingly without creating unfair prejudice or "serious risk." *Avila*, 610 F. Supp. 2d 391 at 397 (quoting *Zafiro*, 506 U.S. 534 at 539). Furthermore, the Court is confident a jury will be able to fairly and adequately assess the evidence against each Defendant in this matter and that it will understand and follow the Court's limiting instructions. *See*, *e.g., Samia*, 599 U.S. at 646 ("[O]ur legal system presumes that jurors will 'attend closely the particular language of [such] instructions in a criminal case and strive to understand, make sense of, and follow' them." (quoting *United States v. Olano*, 507 U.S. 725, 740 (1993))).

## V. CONCLUSION

For the reasons set forth above, Defendants' Motions will be **DENIED WITHOUT PREJUDICE**.[6] An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**

[6] Either Defendant may renew their request for severance if new or differing circumstances arise demonstrating undue prejudice such that a joint trial would result in a manifestly unfair trial.